IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 DEC 29 AM 10: 06

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED TECHNOLOGIES CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 05-2224 Ma/An |
| SIXTY-ONE INDUSTRIAL PARK, LTD., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

On June 27, 2005, Plaintiff/Counter-Defendant United Technologies Corp. ("UTC") filed a Motion to Dismiss Defendant/Counter-Plaintiff Sixty-One Industrial Park, Ltd.'s ("Sixty-One") Counterclaim. Sixty-One filed a response on July 25, 2005. For the following reasons, UTC's motion is GRANTED.

### I. Background

On March 24, 2005, UTC filed a complaint against Defendants Sixty-One, Elizabeth Feezor Lazarov, and David Benjamin Lazarov, alleging that they were liable for costs and damages incurred by UTC in decontaminating a property located at 5607 Highway 61 South in Memphis, Tennessee ("the Property"). The complaint includes claims brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §

1

30

9601 et seq., as well as Tennessee common law claims for contribution, unjust enrichment, implied or equitable indemnity, and negligence.

About the time UTC filed its complaint, it filed a Notice of Lis Pendens ("the Notice") with the Register's Office of Shelby County, Tennessee, asserting a lien on the Property in an amount not less than $779,682.27. (Countercl. ¶ 1.) On June 2, 2005, Defendants filed their answer to the complaint and Defendant Sixty-One also filed a counterclaim against UTC alleging that the Notice constituted a libel of title.  The counterclaim requests a judgment expunging the notice of lien and awarding special damages, including attorney's fees and costs.

## II. Jurisdiction and Choice of Law

The court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331. The court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate state law claims arising from the same nucleus of operative facts as the federal claims.

State law claims brought under the court's supplemental jurisdiction are governed by state substantive law and federal procedural law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Super Sulky, Inc. v. U.S. Trotting Ass'n, 174 F.3d 733, 741 (6th Cir. 1999). A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v.

2

<u>Mileti</u>, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." <u>Klaxon</u>, 313 U.S. at 496. Therefore, this court must apply the Tennessee rule to determine which jurisdiction's law to apply.

In tort cases, the Tennessee rule is the doctrine of *lex loci delicti*, which applies the substantive law of the state where the injury occurred. <u>Hataway v. McKinley</u>, 830 S.W.2d 53, 55 (Tenn. 1992). The injuries alleged by UTC in its complaint occurred at its property in Memphis, Tennessee, and the injury alleged by Sixty-One in its counterclaim occurred when UTC filed the Notice in the Register's Office of Shelby County, Tennessee. Therefore, the court will apply Tennessee substantive law to the parties' state law claims.

**III. Standard for Dismissal Under Rule 12(b)(6)**

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." <u>Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis</u>, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable

3

to the plaintiffs." <u>Memphis, Tenn. Area Local, Am. Postal Workers' Union</u>, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. <u>Scheid</u>, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." <u>Wittstock v. Mark A. Van Sile, Inc.</u>, 330 F.3d 899, 902 (6th Cir. 2003).

## IV. Analysis

To establish a claim for slander or libel of title under Tennessee law, a plaintiff must show that: (1) he has an interest in the property; (2) the defendant published false statements about the title to the property; (3) the defendant was acting maliciously; and (4) the false statements proximately caused a pecuniary loss to the plaintiff. <u>Brooks v. Lambert</u>, 15 S.W. 3d 482, 484 (Tenn. Ct. App. 1999). "[M]alice is a necessary ingredient of the action and must be both alleged and proven..." <u>Waterhouse v. McPheeters</u>, 145 S.W. 2d 766, 767 (Tenn. 1940); <u>Brooks</u>, 15 S.W. 3d at 484. "[A] good faith claim of title, although erroneous, will not constitute a basis for an action of libel of title." <u>Ezell v. Graves</u>, 807 S.W. 2d 700, 704 (Tenn. Ct.

App. 1990). Although the complaint does not necessarily have to allege malice expressly, it must at least allege "sufficient facts to give rise to a reasonable inference that the defendants acted maliciously." Id. The Federal Rules of Civil Procedure also require the complaint to plead malice either directly or by inference because it is an essential element of a claim for slander or libel of title under Tennessee law. Wittstock, 330 F.3d at 902.

UTC argues that Sixty-One's claim should be dismissed because it is barred by the doctrine of absolute immunity for statements related to a judicial proceeding that are pertinent and relevant to that proceeding. The court does not need to reach this argument, however, because the pleadings are insufficient to state a claim for libel of title. The counterclaim neither expressly alleges malice nor sets out sufficient facts to give rise to a reasonable inference that UTC acted maliciously in filing the Notice.

Although the court makes no finding about whether UTC had grounds for filing the Notice, Sixty-One's counterclaim must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the complaint does not set out sufficient facts to establish all elements of the claim.

**V. Conclusion**

    Plaintiff's Motion to Dismiss Counterclaim is GRANTED.

    So ordered this ___28th___ day of December 2005.

    SAMUEL H. MAYS, JR.

    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:05-CV-02224 was distributed by fax, mail, or direct printing on December 30, 2005 to the parties listed.

---

John S. Golwen
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Allen T. Malone
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Craig J. Lazarov
HOLLEY WALDROP NEARN & LAZAROV
9032 Stone Walk Place
Germantown, TN 38138

Mary Katherine Hovious
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT